Lonzo Brooks,

vs    No.8891

Board of Commissioners

of the Port of New Orleans.Appellant.

Charles F.Claiborne,Judge .

April 2nd 1923 .

Lonzo Brooks

vs                                                No.8891

Board of Commissioners of the

Port of New Orleans,Appellant.

Charles F.Claiborne,Judge.

This is a suit for $4968 under the Employer's
Liability Act.

The plaintiff averred that for five years,more or
less,preceding April 1921 he had been employed by the defendant,
generally known as the Dock Board,as a laborer at the wages of
40 cents an hour for nine hours each day making $3.60 a day,
and $21.60 a week;that in the month of April 1921 he was work-
ing at the Industrial Canal;that in the course of his employment
he fell from a plankway erected over the Canal and was precipi-
tated to the bottom of the Canal,a distance of eleven feet;
that by said fall he broke six ribs and was otherwise badly
hurt;that he was taken to the Charity Hospital where he remained
for two weeks;that after leaving the Hospital he was treated
at his home by Dr Breaux for a period of four months and a half;
that for the five months during which he was under treatment
he received half pay from the Dock Board or $216-; that after
these five months he tried to work without avail;that his
injuries have produced permanent total disability to do work
of any kind and have caused permanent blindness of his left eye .
Plaintiff prayed for sixty per cent of $21.60 per week for a
total of 400 weeks,or for $5184 subject to a credit of $268 or
$4968 with five per cent per annum interest from judicial
demand till paid.

The defendant admitted that the plaintiff,at the
time of the accident to him,was employed at the wages alleged
by him;that he was treated by Dr Breaux,the defendant's physi-
cian:that he was discharged by the physician,and told to go
back to work;that he returned to work,but came late and made

293

no effort to work and was finally discharged; and it denied
all the other allegations of the petition.

There was judgment for the plaintiff for compensa-
tion at the rate of $12.96 per week payable weekly for 400
weeks beginning April 1st 1921 ,less a credit of $216 . The
defendant appealed.

The contention of the defendant is that the incapa-
city for work of the plaintiff arose from two causes having no
connection with the accident to him !

First;     Senile changes incapacitating him from work,as he
was seventy years old at the time,and

Second:     Total blindness of the left eye due to glaucoma,
having no casual relationship with his fall.

The evidence is that prior to his accident the
plaintiff was employed as a laborer on the Industrial Canal
handling and lifting timber,rolling dirt,and doing other manual
labor.A fellow-laborer thus described him:" Well,at that time
that old gentleman was weighing about 195 pounds,good and heavy
and he could get around as good as some of these young fellows".
The same witness testifies:" Well his ability now,compared to·
the time before he got hurt,he is no more than a child now to
what he was,because he couldn't give no man an honest day's
work now,to save his life."There is no contradiction of that
testimony; on the contrary it is corroborated throughout.

Another colored witness says that since he was hurt
his condition has changed powerfully-he cant stand no work."

Dr Randolph Lyons,who was appointed by the Court,
to examine the plaintiff says,as a part of his report;

" His fall is therefore only indirectly responsible
for his present disability xxx But the shock might have acceler-
ated the condition which was due to some  in the course of time
It brought·on a senile condition which might not have occurred

immediately.I mean by that he might have continued to work for several months,or probably a year,had this shock not occurred.

" The snock simply brought on the senile changes which would make it practically impossible for him to work any more. In other words,the man was able to work until he got this shock, and while the injury was not a severe injury,he was unable to do any work thereafter xxx The fact that he was able to work, and worked continnously Before the fall,and the fact that the changes which he showed at the examination occurred or were present after the fall,leads me to believe that the fall,or shock as a result of the fall,had brought on the condition of marked senility.xxx I think it ( the accident ) is responsible for the present condition in this manner,that if it had not occurred,he might still be working now with the same job that he had;but his physical condition showed that he could not work continnously for any length of time."

The plaintiff was not blind of one eye or did no know he was blind,prior to the accident.He ascertained it only many months after.Glancoma was the cause of the loss of his eye;but it had no casual connection with his fall.
Whether it had or not,is not necessary to determine since Dr Lyons opinion as to plaintiff's ability to work and the effect of the fall is based upon the plaintiff's physical condition independently of his sense of sight.

The law of the case is that the infirmities and at the time of the accident diseases with which the employee may have been afflicted do not affect his right of recovery.The test is,did the accident bring about the condition of disability which it is the inten-tion of the Workmen's Compensation Act to relieve ? If it did the employer is liable.

Our Supreme Court in Behan vs Honor Co.143 La $48 said: " The fact that an employee was already afflicted with a dormant disease that might some day have produced physical

295

disability is no reason why the employee should not be allowed compensation under the Workmen's Compensation Act for the injury which added to the disease, superinduced physical disability-Also 147 La 865, Advance Sheets of C.J. No.60 p.76 .

The schedule of payments under Compensation Act No.20 of 1914 is fixed by Section 8 (d) P.51 as follows:

"For injury producing permanent total disability to do work of any character, fifty per centum of the average weekly wages, but not more than $10, nor less than $3 per week for a period nor exceeding 400 weeks ."

The same compensation is repeated in Act 243 of 01e 1918 (e) p.515 .

Section 8 S 1 p.53 of Act 38 of 1918 again amends these acts.

Act 247 of 1920 p.467 is the law of this case.

Sec 8 S 1 ( $b$ ) reads as follows :For xxx any injury producing permanent total disability to do work of any reasonable character, sixty per centum of wages during the period of disability, not however, beyond 400 weeks."

Under this paragraph the judgment appealed from allowed the plaintiff 60 per cent of his weekly wages or $12.96 during 400 weeks.

The defendant argues that the judgment should be reduced to 300 weeks under the following paragraph C which reads as follows :

" For injury producing partial disability to do work of any reasonable character, sixty per cebt of difference between wages at the time of the injury, and wages which the injured employee is able to earn thereafter during the period of disability, not however beyond 300 weeks."

The evidence satisfies us that plaintiff's disability is of a " permanent total" character and not only partial.

An injury rendering the ability of the employee to do any renumerative labor more than doubtful constitutes,

296

permanent total disability within the Workmen's Compensation
Act -146 La 383 .

" Where one loses his only eye and it does not
appear that he is able to do remunerative work of any reasonable
character,the disability will be considered to tal and he will
be allowed compensation as for permanent total disability."
151 La 59 (62 ) .

But even then the record does not show what was
the difference between plaintiff's wage earning capacity before
and after the accident,and we are not able to make a computa-
tion under the law.145 La 829 .

The defendant has answered the appeal by praying
for interest at five per cent on each past due payment from
the time the same became due."He is entitled to the amendment
under Article C.C.1938 (1932) which provides:

" All debts shall bear interest at the rate of
five per centum per annum from the time they become due,unless
otherwise stipulated."

It is therefore ordered that the judgment of the
District Court be affirmed with five per cent per annum interest
on each past due payment from the time the same became due,and
that defendants pay costs in both Courts.

Judgment affirmed with interest.

April 2nd 1923 .

LONEO BROOKS : NO. 8891.

vs. : COURT OF APPEAL

BOARD OF COMMISSIONERS OF THE : PARISH OF ORLEANS.
PORT OF NEW ORLEANS. :
:

On Motion of Appellee to Dismiss Appeal

WILLIAM A. BELL, JUDGE

Appellee moves to dismiss the appeal herein taken by appellant on the ground that the order of appeal was not signed by the Judge of the Trial Court having authority or jurisdiction to grant said order of appeal. The records shows that the judgment appealed from was rendered by the judge of Division "F" of the District Court for the Parish of Orleans which judge was duly appointed to act for and in place of the judge of Division "C" of said District Court, all in compliance with two certain orders of the Supreme Court of Louisiana dated and reading as follows:

November 4, 1921.

"It having been made known to this Court that the Honorable E. K. Skinner, Judge of Division "C", has owing to ill-health, applied for a leave of absence for sixty days; it is ordered that the Honorable Percy Saint, Judge of Division "F" of the Civil District Court be and he is hereby assigned to take charge of Division "C" of the Civil District Court in place and stead of the Honorable E. K. Skinner and to try and determine all matters and causes allotted to this division according to law and until further orders of this Honorable Court".

June 23, 1922.

"It is ordered that for the proper dispatch of the business of the said Civil District Court for the Parish of Orleans that all the cases that shall be pending before Division "C" of the Civil District Court for the Parish of Orleans on the 1st. day of August, 1922, and which

298

have been tried in whole or in part and which are still undecided, or the judgment rendered therein unexecuted shall be assigned to Division "F" for full trial and for execution of judgment rendered".-

It is contended that the order granting the appeal herein having been signed by the Judge of Division "C" when the cause had already been transferred to Division "F" and to the Judge presiding over the said latter Division of the said Court, that the said order was null and void and of no effect with the result that no order of appeal has been legally entered and that therefore the appeal herein taken is also null and void and should accordingly be dismissed.

Rule eight of the Civil District Court for the Parish of Orleans revised, adopted and effective from August 15, 1921 reads as follows:

Section 4. In case of absence or disability of the Judge to whose division a cause has been allotted, or in case of vacancy in his office, any other Judge of the Court shall be empowered to act in said cause as fully as if it had been originally allotted to the division over which he presides, until the absence or disability shall have ceased, or the vacancy shall have been filled.

Even though there were no such rule as just above quoted and even though under the Constitution of 1921 the Civil District Court for the Parish of Orleans might be said not to have authority to adopt such rule, we are satisfied upon the authority cited below, that there is no merit in the motion herein made for the dismissal of the appeal. It has been held that where a Judge of a District Court of the Parish of Orleans is absent, another District Judge of the Parish can grant an appeal from a judgment rendered by the absent Judge.

BOLDEN v. BARNES, 118 La. 274; BRIGOT V. BRIGOT, 49 La. Ann. 1442; AUSTIN v. SCOVILL, 34 La. Ann. 484; BUISSON v. LAZARUS, 33 La. Ann. 1434; DE ST. ROMES v. LEVEE STEAM & CO., 31 La. Ann. 224.

MOTION TO DISMISS APPEAL IS DENIED.